IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

D.R. HORTON, INC.,
a Delaware Corporaion,

       Plaintiff,

v.                                  No. CIV 07-709 MV/RHS

CURB NORTH, INC.,
a New Mexico Corporation, and
THE CITY OF RIO RANCHO,
a New Mexico Corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant City of Rio Rancho's ("Rio Rancho") Motion to Strike Portions of the Amended Complaint and to Enforce this Court's Order that Plaintiff File a More Definite Statement (Doc. No. 220, filed November 6, 2008) and on Defendant Curb North's Joinder of Rio Rancho's Motion (Doc. No. 225, filed November 10, 2008). For the reasons stated below, the Court will **GRANT** the Motions (Doc. Nos. 220 and 225) in part and **DENY** the Motions in part.

**Background**

On November 30, 2007, the Court granted Plaintiff's motion to file an amended complaint. (*See* Memorandum Opinion and Order, Doc. No. 203, filed September 22, 2008). Plaintiff's proposed amended complaint contained 164 general allegations on 40 pages. (*See id.* at 3). The claims in the proposed amended complaint did not directly reference which of the 164 allegations the claims are based upon and thus did not give the Court or the Defendants fair notice of the claims Plaintiff was asserting and the grounds for each. (*Id.*). The Court ordered Plaintiff to include a more

definite statement of each claim in its amended complaint.

Plaintiff filed its First Amended Application and Complaint for Injunctive Relief, Declaratory Relief, Mandamus, and Damages (Doc. No. 217, "Amended Complaint") on October 20, 2008. Rio Rancho and Curb North then filed the Motions, now before the Court, to strike portions of the Amended Complaint and to enforce the Court's order that Plaintiff include a more definite statement of its claims.

**Request to Strike New General Allegations**

Plaintiff's Amended Complaint contains over 100 new general allegations that were not in Plaintiff's proposed amended complaint. Defendants argue that the amended complaint violates FED. R. CIV. P. 15 and D.N.M.LR-Civ. 15.1 because Plaintiff added these allegations without leave of the Court. Defendants ask the Court to strike all of the new general allegations pursuant to Fed. R. Civ. P. 12(f) which allows a court to strike impertinent matters from a pleading. (Memorandum at 3-4, Doc. No. 222, filed November 7, 2008). Defendants do not explain why each of the 100 plus allegations are not pertinent. The Court will deny those portions of Defendants' Motions that seek to strike the new allegations.

**Request to Dismiss Claims Against James Babin**

Plaintiff's Amended Complaint names James Babin as a defendant. (Amended Complaint at 1). Defendants ask the Court to dismiss the claims agains James Babin on the grounds that Plaintiff did not name James Babin as a defendant in its proposed amended complaint and did not seek leave from the Court to add him as a defendant. (Mem. 4).

The Court allowed Plaintiff to amend its complaint to add two named defendants and ten unnamed defendants. (Mem. Op. and Order at 2, Doc. No. 203, September 22, 2008). Plaintiff

sought to add the ten unnamed defendants because it "did not know at the time who made the wrongful decisions at issue." (Response at 17, Doc. No. 227, filed December 1, 2008). Plaintiff states that "in discovery after the filing of the motion to amend, Mr. Babin admitted that he was the person who had made the decisions on the City's behalf at issue in this case." (*Id.*). The Court will deny those portions of Defendants' Motions that seek to dismiss the claims against Mr. Babin.

**Request to Require Plaintiff to File a More Definite Statement**

Plaintiff's proposed amended complaint was a "shotgun complaint" because each claim incorporated the 164 general allegations by reference and did not specifically identify which of the 164 general allegations formed the basis of each claim, thereby making it virtually impossible to know which allegations of fact were intended to support which claims for relief. (Mem. Op. And Order at 3, Doc. No. 203, filed September 22, 2008). To give the Court and the Defendants fair notice of Plaintiff's claims and the grounds for each, the Court instructed Plaintiff to: (1) include a more definite statement of each claim in its amended complaint, and (2) include a new paragraph specifically identifying by number those general allegations upon which each claim is based. (*Id.* at 3-4). Plaintiff did not comply with the Court's Order.

Plaintiff did not include a more definite statement of each claim. Instead, Plaintiff added a little over 100 new factual allegations. "More definite" means more clearly defined, more explicitly precise. While the new factual allegations may provide support for Plaintiff's claims, they do not show that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2) ("a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Plaintiff shall amend its complaint to include a more definite statement of its claims, that is, a short and plain statement of the claim showing that Plaintiff is entitled to relief.

It does not appear to the Court that Plaintiff made a good faith effort to comply with the Court's instruction to include a new paragraph specifically identifying by number those general allegations upon which each claim is based. The Court gave that instruction with the expectation that the amended complaint would adequately link each cause of action to the *relevant* factual predicates, thereby giving the Court and Defendants fair notice of the claims asserted. While Plaintiff did include a new paragraph in each claim identifying by number factual allegations, those new paragraphs identify such a large number of factual allegations that the Amended Complaint is more of a "shotgun complaint" than the proposed amended complaint. The new paragraphs identify from about 200 to 284 factual allegations of the Amended Complaint as forming the basis for each claim, whereas the proposed amended complaint had only 164 general allegations.

The Court will award attorney fees to Defendants for Plaintiff's failure to amend its Complaint pursuant to the Court's Order. *See* FED. R. CIV. P. 11; 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Defendants shall file applications for attorney fees on their motions for a more definite statement.

The Court will grant Defendants' Motions for a more definite statement. Plaintiff shall amend its Complaint. Plaintiff's amended Complaint shall adequately link each cause of action to the *relevant* factual predicates, thereby giving the Court and Defendants fair notice of the claims asserted. Failure to do so may result in additional sanctions.

**IT IS SO ORDERED.**


Dated this 21st day of September, 2009.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**


*Attorneys for Plaintiff*:

Stephanie Landry
Margaret C. Ludewig
1007 Marquette NW
Albuquerque, NM 87102


*Attorney for Defendant Curb North*:

Richard M. Leverick
5120 San Francisco NE
Albuquerque, NM 87109

*Attorneys for Defendant City of Rio Rancho:*

Randy S. Bartell
Holly Agajanian
P.O. Box 2307
Santa Fe, NM 87504-2307